IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:06-cr-174 |
| Plaintiff, | | (Civil Case No. 3:12-cv-18) |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Michael J. Newman |
| ANTHONY BISSACCO, | : | |
| Defendant. | | |

### REPORT AND RECOMMENDATION[1]

This case is now before the Court on Defendant Anthony Bissacco's *pro se* Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (doc. 615); and the Government's memorandum in opposition thereto (doc. 620). Defendant did not file a reply memorandum.

### I. Procedural History

Defendant was initially indicted in this Court in October 2006 for charges related to his involvement in a large marijuana trafficking conspiracy. Doc. 1. A Third Superseding Indictment was filed in November 2007. Doc. 235.

On January 12, 2009, Defendant entered into a written plea agreement, whereby he agreed to plead guilty to Count One of the Third Superseding Indictment: Conspiracy to Possess with Intent to Distribute in excess of 1,000 kilograms of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). Doc. 414 ¶ 1. In return, the Government agreed to dismiss Counts Two, Three and Four, and further "agree[d] that a maximum imprisonment term of 180 months [was] appropriate in this case" (though the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

advisory range under the Sentencing Guidelines was calculated to be 188-235 months). *Id.* ¶¶ 2, 7. The plea agreement specified the mandatory minimum and maximum penalties for Count One (*i.e.*, 10 years to life imprisonment). *Id.* ¶ 2. Further, Defendant acknowledged the following: (1) he reviewed the attached Statement of Facts, discussed it with his attorney, and agreed that it was "accurate and true." *id.* ¶ 11; (2) he had an opportunity to discuss the terms of the plea agreement with his attorney, and he "underst[ood] and accept[ed] those terms," *id.* ¶ 14; and (3) "his attorney had provided effective assistance in this matter." *Id.*

The plea agreement also included an appeal waiver, which stated as follows:

> The defendant acknowledges having been advised by counsel of defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The defendant expressly and voluntarily waives those rights except nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance. The defendant further reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it constitutes an upward departure from the Sentencing Guidelines; or (c) any punishment exceeding that which would result from accepting the Guideline Stipulations set forth in this Agreement. The defendant understands that by virtue of this Agreement, the defendant is waiving and giving up any right he may otherwise have to appeal a failure or refusal on the part of the sentencing Court to downward depart.

*Id.* ¶ 10. Finally, the plea agreement clarified that the document contained the entire plea agreement between Defendant and the government, and "[n]o other agreements, promises, deals, bargains or understandings exist which modify or alter these terms." *Id.* ¶ 14.

Defendant and his attorney both signed and dated the plea agreement, as well as the attached Statement of Facts. *Id.* at PageID 1480-81. Additionally, Defendant, his attorney, and counsel for the government initialed each page of the plea agreement. *See* doc. 414.

On January 12, 2009, Defendant came before the Court for a plea hearing. *See* doc. 588. The Court first asked Defendant questions to establish his competence to plead guilty. *Id.* at

2

PageID 2270-72. Further, the Court confirmed that Defendant understood the charges against him, including the Statement of Facts supporting those charges. *Id.* at PageID 2273-78. The Court then advised Defendant of the mandatory minimum sentence for this charge as well as the maximum sentence for the charge, and explained how the Guidelines will be used to calculate an advisory sentence. *Id.* at PageID 2278-85, 2287-90. Upon the Court's request, Defendant was advised by his attorney, on the record, as to the sentencing range under the Guidelines as applied to his case.[1] *Id.* at PageID 2285-87. The Court further advised Defendant of his right to a jury trial. *Id.* at PageID 2290-91.

Moreover, the Court reviewed the plea agreement with Defendant on the record, and Defendant stated that he understood and accepted the terms of the plea agreement. *Id.* at PageID 2291-94. Defendant further confirmed that his attorney was able to answer all his questions with respect to the plea agreement, stating "Mr. Jensen has done a perfect job." *Id.* at PageID 2292. *Id.* In reviewing the plea agreement, the Court specifically pointed out the appeal waiver provision:

> The Court: And you understand also that in paragraph 10, Mr. Bissacco, that you are, to the extent that the law allows[,] waiving your right to appeal the sentence that the Court would impose and how the Court calculates and determines that sentence. Do you understand that?
>
> Defendant: I do understand.

*Id.* at PageID 2293-94 (brackets added).

Defendant then pleaded guilty to Count One: Conspiracy to Possess with Intent to Distribute in excess of 1,000 kilograms of marijuana, a Schedule I controlled substance, in

---

[1] His attorney estimated the advisory sentencing guideline range for Defendant would be 188 to 235 months. Doc. 588 at PageID 2287. At Defendant's sentencing hearing, the Court likewise found that the advisory range was 188 to 235 months. Doc. 586 at PageID 2241. The Court advised Defendant, however, that the guidelines were not binding, but only advisory. *See id.* at PageID 2249-57.

violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). *Id.* at PageID 2300. At the close of the plea hearing, after finding that Defendant's guilty plea had been knowingly and voluntarily entered, the Court accepted his plea. *See id.* at PageID 2300-01.

On November 23, 2009, the Court sentenced Defendant in conformity with the plea agreement -- 180 months imprisonment, followed by five years of supervised release. Doc. 586 at PageID 2257. Judgment was entered on November 25, 2009. Doc. 571.

Defendant's trial attorney timely filed a notice of appeal, doc. 573, but simultaneously filed a motion to withdraw as counsel, which the Court granted shortly thereafter. *See* doc. 574. Court-appointed appellate counsel filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See* doc. 607. The Sixth Circuit Court of Appeals affirmed the Court's judgment. *Id.* In doing so, the Sixth Circuit held that Defendant's appeal waiver was valid, and further found that -- notwithstanding the waiver -- there were no issues of arguable merit for appeal. *Id.*

On January 19, 2012, Defendant filed the instant § 2255 Motion to Vacate, asserting three grounds for relief:

> GROUND ONE: My due process rights were violated when I entered the appeal waiver unknowingly and unintelligently.
>
> Supporting Facts: I was not aware of the nature and consequences of the appeal waiver. For example, I did not understand that I would not be able to appeal the denied suppression motion, and the misconduct of my original attorney.
>
> GROUND TWO: My right to effective assistance of counsel was denied when my attorney failed to explain that by pleading guilty, I was waiving the right to appeal all non-jurisdictional issues.
>
> Supporting Facts: My attorney told me that I was entering a plea agreement with an appeal waiver, and I knew that an appeal waiver was a part of the agreement. But I did not understand what it meant, and this was because my attorney did not explain it. Despite our conversation about the appeal waiver, I believed I was going to be able to appeal things that happened that I did not agree with.

4

> GROUND THREE: To remedy constitutional errors, the District Court should strike the appeal waiver from my [otherwise] valid[] plea agreement.
>
> Supporting Facts: I do not challenge my guilty plea, and I am not challenging my plea agreement. I am guilty of the offense. But I entered the appeal waiver unconstitutionally, and it should be severed from the plea agreement. I ask the District Court to strike the appeal waiver and sever it from the plea agreement, and to re-enter the judgment order or enter an amended judgment order so that I may appeal without the unconstitutionally-entered appeal waiver.

Doc. 615 at PageID 2419-22 (capitalization altered; brackets added).

## II. ANALYSIS

### A. Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Mallett v. United States*, 334 F.3d 491, 496 (6th Cir. 2003). To obtain relief under § 2255, Defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Id.* at 496-97 (internal quotation marks omitted). A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7, 8 (6th Cir. 1975). The burden on collateral review under § 2255 is "significantly higher" than on direct appeal. *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Grounds for Relief

In all three grounds for relief, Defendant challenges the provision in his plea agreement whereby he waived his right to appeal his conviction and sentence. *See* doc. 615. A criminal defendant may waive "any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (internal quotations omitted)

(upholding an appeal waiver provision in a plea agreement); *see also United States v. Toth*, 668 F.3d 374, 377-78 (6th Cir. 2012) (same).

As the Sixth Circuit has already determined on direct appeal of this case, the record here demonstrates that Defendant understood the appeal waiver and consented to it voluntarily:

> Upon *de novo* review, we conclude that Bissacco entered a valid waiver of his right to appeal his conviction and sentence. *See United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). A waiver provision will be enforced when: 1) the record reflects that it was understood by the defendant and was entered into knowingly and voluntarily, *see id.*; and 2) the guilty plea itself is knowing and voluntary, *see United States v. Webb*, 403 F.3d 373, 378 n.1 (6th Cir. 2005). The record reflects that the district court complied with the requirements of Federal Rule of Criminal Procedure 11 and properly determined that Bissacco knowingly and voluntarily entered his guilty plea. *See United States v. Gardner*, 417 F.3d 541, 544 (6th Cir. 2005). In doing so, the district court specifically determined that Bissacco understood the appellate waiver provision. Accordingly, that provision now precludes Bissacco from challenging his conviction and sentence on appeal. *See McGilvery*, 403 F.3d at 363.

*United States v. Bissacco*, No. 09-4508 (6th Cir. Oct. 22, 2010) (unpublished decision) (doc. 607 at PageID 2400). Defendant has not produced any evidence to contradict the record. Nor does Defendant challenge the validity of the guilty plea itself. Accordingly, Ground One lacks merit and should be dismissed.

Defendant's ineffective assistance of counsel claim in Ground Two -- alleging counsel failed to fully explain the consequences of the appeal waiver to him -- also lacks merit. To prevail on a Sixth Amendment ineffective assistance of counsel claim, Defendant must meet the two-pronged *Strickland v. Washington* test by demonstrating that (1) his attorney's performance was deficient, and (2) he was prejudiced as a result of the alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the deficiency prong, Defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. To satisfy the prejudice prong,

Defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Defendant's ineffective assistance of trial counsel claim fails on both prongs of the *Strickland* test. First, the record refutes Defendant's claim that the appeal waiver was not properly explained to him. Before proceeding to the plea colloquy, the Court first established Defendant's competence (*i.e.*, his age, education, and ability to understand the English language). *See* doc. 588 at PageID 2270-72. Defendant further confirmed that he understood all the terms of the plea agreement, and did not have any questions for the Court or his attorney. *Id.* at PageID 2292-94. Indeed, the Court specifically asked Defendant if he understood that he was waiving his right to appeal, and Defendant responded, "I do understand." Doc. 588 at PageID 2293-94. Moreover, Defendant stated on the record that his attorney "has done a perfect job." *Id.* at PageID 2292. Accordingly, Defendant has failed to rebut the strong presumption under *Strickland* -- that counsel "rendered adequate assistance." *Strickland*, 466 U.S. at 690.

Second, Defendant failed to demonstrate a reasonable probability that he would not have pleaded guilty had his attorney's representation concerning the appeal waiver been different. *See Hill*, 474 U.S. at 59. To the contrary, Defendant indicates he would have nonetheless pleaded guilty. In his motion, he states: "I do not challenge my guilty plea, and I am not challenging my plea agreement. I am guilty of the offense." Doc. 615 at PageID 2422. Further, he does not request the Court to invalidate his guilty plea, but requests the Court only to strike the appeal waiver. *See id.* Accordingly, having failed to satisfy the *Strickland* test, Defendant is not entitled to *habeas* relief under Ground Two.

Finally, Ground Three -- requesting the Court to strike the appeal waiver from his plea agreement -- does not state a cognizable § 2255 claim. *See* doc. 615 at PageID 2422. *Cf. Grant*

7

*v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (finding a *habeas* petitioner failed to state a cognizable § 2255 claim). Therefore, Ground Three should also be dismissed.

In closing, the Court notes that an evidentiary hearing is unnecessary to rule on Defendant's § 2255 Motion because the record conclusively shows that he is not entitled to relief. *See Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003).

### III. RECOMMENDATION

Based on the foregoing analysis, it is **RECOMMENDED** that:

1. Defendant's § 2255 Motion to Vacate (doc. 615) be **DENIED WITH PREJUDICE**;

2. Because Defendant has failed to make a substantial showing of the denial of a constitutional right, and reasonable jurists would not disagree with this conclusion, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), Defendant be **DENIED** any requested certificate of appealability; and

3. The Court **CERTIFY** that an appeal of an Order adopting this Report and Recommendation would be frivolous and not be taken in objective good faith, and therefore Plaintiff be **DENIED** *in forma pauperis* status on such an appeal. *See* 28 U.S.C. §1915(a)(3).

May 29, 2013                                                               s/ **Michael J. Newman**
                                                                           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).